### 459. REED v. THE STATE.

There was no evidence in this case to authorize a charge upon the subject of manslaughter or a conviction for that offense.

Conviction of manslaughter, from Hall superior court—Judge Kimsey. April 9, 1907.

Argued May 27,—Decided June 19, 1907.

*H. H. Dean, Thompson & Bell,* for plaintiff in error.

*W. A. Charters, solicitor-general, Fletcher M. Johnson,* contra.

POWELL, J. The deceased was found mortally wounded. The defendant was accused of murdering him. The evidence was entirely circumstantial. Whoever killed the deceased, if, indeed, his death was not accidental, struck him on the head with some blunt

instrument, probably a piece of wood. The record discloses none of the circumstances under which the mortal blow was given. The evidence connecting the defendant with the crime was very slight; but it is manifest that he was guilty of murder, if he was the person who committed the unexplained homicide. While manslaughter may be shown by circumstantial evidence, yet in all such cases enough of the actual details of the killing must appear to relieve the transaction from the presumption that it was unprovoked and malicious.

The wisdom of the rule that manslaughter should not be submitted to juries in cases of homicide, where the defendant is guilty of either murder or nothing, is exemplified in the present instance. It appears from the record that the trial judge at first instructed the jury that there was no manslaughter in the case; that the jury should find the defendant guilty of murder, or else they should acquit him. After three days' deliberation the jury reported that they stood six for acquittal and six for conviction. The judge, then, upon a change of mind, gave them instructions upon manslaughter; and in a few minutes the jury returned a verdict finding the defendant guilty of that offense. This verdict was manifestly a compromise, wherein twelve men, widely apart, six believing the defendant a murderer, six believing him innocent, gave up their honest convictions and found him guilty of an offense of which, under the law and the evidence, he could not have been guilty at all, in order to relieve themselves of further consideration of the case. Under the well-established rule in this State, a new trial results.

*Judgment reversed.*